SO. CAL. EQUAL ACCESS GROUP
Jason J. Kim (SBN 190246)
Jason Yoon (SBN 306137)
Kevin Hong (SBN 299040)
101 S. Western Ave., Second Floor
Los Angeles, CA 90004
Telephone: (213) 205-6560
cm@SoCalEAG.com


Attorneys for Plaintiff
LATANYA WILLIAMS

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LATANYA WILLIAMS,<br><br>        Plaintiff,<br><br>    vs.<br><br><br>LARRY LESTER CARPET CO., INC.;<br>NEAL E. LESTER, AS TRUSTEE OF<br>THE LESTER FAMILY TRUST; and<br>DOES 1 to 10,<br><br>        Defendants. | **Case No.:**<br><br>COMPLAINT FOR INJUNCTIVE<br>RELIEF AND DAMAGES FOR DENIAL<br>OF CIVIL RIGHTS OF A DISABLED<br>PERSON IN VIOLATIONS OF<br><br>1. AMERICANS WITH DISABILITIES<br>ACT, 42 U.S.C. §12131 et seq.;<br><br>2. CALIFORNIA'S UNRUH CIVIL<br>RIGHTS ACT;<br><br>3. CALIFORNIA'S DISABLED<br>PERSONS ACT;<br><br>4. CALIFORNIA HEALTH & SAFETY<br>CODE;<br><br>5. NEGLIGENCE |

Plaintiff LATANYA WILLIAMS ("Plaintiff") complains of Defendants LARRY LESTER CARPET CO., INC.; NEAL E. LESTER, AS TRUSTEE OF THE LESTER FAMILY TRUST; and DOES 1 to 10 ("Defendants") and alleges as follows:

COMPLAINT - 1

**PARTIES**

1.      Plaintiff is a California resident with a physical disability. Plaintiff is a paraplegic due to T9 spinal cord injury and is substantially limited in her ability to walk. Plaintiff requires the use of a wheelchair at all times when traveling in public.

2.      Defendants are, or were at the time of the incident, the real property owners, business operators, lessors and/or lessees of the real property for a carpet store ("Business") located at or about 7815 Beverly Blvd., Los Angeles, California.

3.      The true names and capacities, whether individual, corporate, associate or otherwise of Defendant DOES 1 through 10, and each of them, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff will ask leave of Court to amend this Complaint when the true names and capacities have been ascertained.  Plaintiff is informed and believes, and, based thereon, alleges that each such fictitiously named Defendants are responsible in some manner, and therefore, liable to Plaintiff for the acts herein alleged.

4.      Plaintiff is informed and believes, and thereon alleges that, at all relevant times, each of the Defendants was the agent, employee, or alter-ego of each of the other Defendants, and/or was acting in concert with each of the other Defendants, and in doing the things alleged herein was acting with the knowledge and consent of the other Defendants and within the course and scope of such agency or employment relationship.

5.      Whenever and wherever reference is made in this Complaint to any act or failure to act by a defendant or Defendants, such allegations and references shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly and severally.

**JURISDICTION AND VENUE**

6.      The Court has jurisdiction of this action pursuant to 28 USC §§ 1331 and 1343 for violation of the Americans with Disabilities Act of 1990, (42 USC §12101, *et seq.*).

COMPLAINT - 2

7.      Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operating facts, are also brought under California law, including, but not limited to, violations of California Civil Code §§51, 51.5, 52(a), 52.1, 54, 54., 54.3 and 55.

8.      Plaintiff's claims are authorized by 28 USC §§ 2201 and 2202.

9.      Venue is proper in this court pursuant to 28 USC §1391(b).  The real property which is the subject of this action is located in this district, Los Angeles County, California, and that all actions complained of herein take place in this district.

## FACTUAL ALLEGATIONS

10.     In or about July of 2024, Plaintiff went to the Business.

11.     The Business is a carpet store business establishment, open to the public, and is a place of public accommodation that affects commerce through its operation. Defendants provide parking spaces for customers.

12.     While attempting to enter the Business during each visit, Plaintiff personally encountered a number of barriers that interfered with her ability to use and enjoy the goods, services, privileges, and accommodations offered at the Business.

13.     To the extent of Plaintiff's personal knowledge, the barriers at the Business included, but were not limited to, the following:

    a.     Defendants failed to maintain accessibility for persons with disabilities to comply with the federal and state standards.  Defendants failed to provide an accessible entrance as the entrance of the Business had a threshold that exceeded the maximum height allowed by the Standards.

    a.     Defendants failed to comply with the federal and state standards for the parking space designated for persons with disabilities.  Defendants failed to post required signage such as "Van Accessible," and "Minimum Fine $250".

1

2      b.     Defendants failed to comply with the federal and state standards for

3             the parking space designated for persons with disabilities. Defendants

4             failed to provide proper van accessible space designated for the

       persons with disabilities.

5      c.     Defendants failed to comply with the federal and state standards for

6             the parking space designated for persons with disabilities. Defendants

7             failed to paint the ground as required.

8      d.     Defendants failed to comply with the federal and state standards for

9             the parking space designated for persons with disabilities. Defendants

10            failed to mark the space with the International Symbol of

11            Accessibility.

12     14.    These barriers and conditions denied Plaintiff full and equal access to the

13     Business and caused Plaintiff difficulty and frustration. Plaintiff wishes to return and

14     patronize the Business; however, Plaintiff is deterred from visiting the Business because

15     her knowledge of these violations prevents her from returning until the barriers are

16     removed.

17     15.    Based on the violations, Plaintiff alleges, on information and belief, that

18     there are additional barriers to accessibility at the Business after further site inspection.

19     Plaintiff seeks to have all barriers related to her disability remedied. *See Doran v. 7-*

20     *Eleven, Inc*. 524 F.3d 1034 (9th Cir. 2008).

21     16.    In addition, Plaintiff alleges, on information and belief, that Defendants

22     knew that particular barriers render the Business inaccessible, violate state and federal

23     law, and interfere with access for the physically disabled.

24     17.    At all relevant times, Defendants had and still have control and dominion

25     over the conditions at this location and had and still have the financial resources to

26     remove these barriers without much difficulty or expenses to make the Business

27     accessible to the physically disabled in compliance with ADDAG and Title 24

28

COMPLAINT - 4

1 regulations.  Defendants have not removed such barriers and have not modified the

2 Business to conform to accessibility regulations.

3 **FIRST CAUSE OF ACTION**

4 **VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**

5      18.    Plaintiff incorporates by reference each of the allegations in all prior

6 paragraphs in this complaint.

7      19.    Under the Americans with Disabilities Act of 1990 ("ADA"), no individual

8 shall be discriminated against on the basis of disability in the full and equal enjoyment of

9 the goods, services, facilities, privileges, advantages, or accommodations of any place of

10 public accommodation by any person who owns, leases, or leases to, or operates a place

11 of public accommodation.  *See* 42 U.S.C. § 12182(a).

12      20.    Discrimination, *inter alia*, includes:

13           a.    A failure to make reasonable modification in policies, practices, or

14                procedures, when such modifications are necessary to afford such

15                goods, services, facilities, privileges, advantages, or accommodations

16                to individuals with disabilities, unless the entity can demonstrate that

17                making such modifications would fundamentally alter the nature of

18                such goods, services, facilities, privileges, advantages, or

19                accommodations.  42 U.S.C. § 12182(b)(2)(A)(ii).

20           b.    A failure to take such steps as may be necessary to ensure that no

21                individual with a disability is excluded, denied services, segregated or

22                otherwise treated differently than other individuals because of the

23                absence of auxiliary aids and services, unless the entity can

24                demonstrate that taking such steps would fundamentally alter the

25                nature of the good, service, facility, privilege, advantage, or

26                accommodation being offered or would result in an undue burden.  42

27                U.S.C. § 12182(b)(2)(A)(iii).

28

      c.     A failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities, and transportation barriers in existing vehicles and rail passenger cars used by an establishment for transporting individuals (not including barriers that can only be removed through the retrofitting of vehicles or rail passenger cars by the installation of a hydraulic or other lift), where such removal is readily achievable.  42 U.S.C. § 12182(b)(2)(A)(iv).

      d.     A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities where such alterations to the path or travel or the bathrooms, telephones, and drinking fountains serving the altered area are not disproportionate to the overall alterations in terms of cost and scope.  42 U.S.C. § 12183(a)(2).

21.    Where parking spaces are provided, accessible parking spaces shall be provided.  1991 ADA Standards § 4.1.2(5); 2010 ADA Standards § 208.  One in every eight accessible spaces, but not less than one, shall be served by an access aisle 96 in (2440 mm) wide minimum and shall be designated "van accessible."  1991 ADA Standards § 4.1.2(5)(b).  For every six or fraction of six parking spaces, at least one shall be a van accessible parking space.  2010 ADA Standards § 208.2.4.

22.    Thresholds, if provided at doorways, shall be ½ inch (13 mm) high maximum.  Raised thresholds and changes in level at doorways shall comply with 302 and 303.  Existing or altered thresholds ¾ inch (19 mm) high maximum that have a

1    beveled edge on each side with a slope not steeper than 1:2 shall not be required to

2    comply with 404.2.5.  2010 ADA Standards § 404.2.5.

3          23.    Here, the entrance of the Business had a threshold that exceeded the

4    maximum height allowed by the Standards.

5          24.    Under the ADA, the method and color of marking are to be addressed by

6    State or local laws or regulations.  See 36 C.F.R., Part 1191.  Under the California

7    Building Code ("CBC"), the parking space identification signs shall include the

8    International Symbol of Accessibility.  Parking identification signs shall be reflectorized

9    with a minimum area of 70 square inches.  Additional language or an additional sign

10   below the International Symbol of Accessibility shall state "Minimum Fine $250."  A

11   parking space identification sign shall be permanently posted immediately adjacent and

12   visible from each parking space, shall be located with its centerline a maximum of 12

13   inches from the centerline of the parking space and may be posted on a wall at the

14   interior end of the parking space.  See CBC § 11B-502.6, et seq.

15         25.    Moreover, an additional sign shall be posted either in a conspicuous place at

16   each entrance to an off-street parking facility or immediately adjacent to on-site

17   accessible parking and visible from each parking space.  The additional sign shall not be

18   less than 17 inches wide by 22 inches high.  The additional sign shall clearly state in

19   letters with a minimum height of 1 inch the following: "Unauthorized vehicles parked in

20   designated accessible spaces not displaying distinguishing placards or special license

21   plates issued for persons with disabilities will be towed away at the owner's expense…"

22   See CBC § 11B-502.8, et seq.

23         26.    Here, Defendants failed to provide the signs stating, "Minimum Fine $250"

24   and "Van Accessible."

25         27.    For the parking spaces, access aisles shall be marked with a blue painted

26   borderline around their perimeter. The area within the blue borderlines shall be marked

27   with hatched lines a maximum of 36 inches (914 mm) on center in a color contrasting

28   with that of the aisle surface, preferably blue or white.  The words "NO PARKING" shall

1  be painted on the surface within each access aisle in white letters a minimum of 12 inches

2  (305 mm) in height and located to be visible from the adjacent vehicular way.  CBC §

3  11B-502.3.3.

4       28.     Here, Defendants failed to provide a proper access aisle as there were no

5  "NO PARKING" marking and blue hatched lines painted on the parking surface.

6  Moreover, Defendants failed to provide the access aisle with the minimum width of 96

7  inches.

8       29.     The surface of each accessible car and van space shall have surface

9  identification complying with either of the following options:  The outline of a profile

10  view of a wheelchair with occupant in white on a blue background a minimum 36" wide

11  by 36" high (914 mm x 914 mm). The centerline of the profile view shall be a maximum

12  of 6 inches (152 mm) from the centerline of the parking space, its sides parallel to the

13  length of the parking space and its lower side or corner aligned with the end of the

14  parking space length or by outlining or painting the parking space in blue and outlining

15  on the ground in white or a suitable contrasting color a profile view of a wheel chair with

16  occupant.   See CBC § 11B-502.6.4, et seq.

17       30.     Here, Defendants failed to paint the International Symbol of Accessibility on

18  the surface as required.

19       31.     A public accommodation shall maintain in operable working condition those

20  features of facilities and equipment that are required to be readily accessible to and usable

21  by persons with disabilities by the Act or this part.  28 C.F.R. 35.211(a).

22       32.     By failing to maintain the facility to be readily accessible and usable by

23  Plaintiff, Defendants are in violation of Plaintiff's rights under the ADA and its related

24  regulations.

25       33.     The Business has denied and continues to deny full and equal access to

26  Plaintiff and to other people with disabilities.  Plaintiff has been and will continue to be

27  discriminated against due to the lack of accessible facilities, and therefore, seeks

28

injunctive relief to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT

34.    Plaintiff incorporates by reference each of the allegations in all prior paragraphs in this complaint.

35.    California Civil Code § 51 states, "All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, sexual orientation, citizenship, primary language, or immigration status are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."

36.    California Civil Code § 52 states, "Whoever denies, aids or incites a denial, or make any discrimination or distinction contrary to Section 51, 515, or 51.6, is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000) and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

37.    California Civil Code § 51(f) specifies, "a violation of the right of any individual under federal Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

38.    The actions and omissions of Defendants alleged herein constitute a denial of full and equal accommodation, advantages, facilities, privileges, or services by physically disabled persons within the meaning of California Civil Code §§ 51 and 52. Defendants have discriminated against Plaintiff in violation of California Civil Code §§ 51 and 52.

39.     The violations of the Unruh Civil Rights Act caused Plaintiff to experience

difficulty, discomfort, or embarrassment.  The Defendants are also liable for statutory

damages as specified in California Civil Code §55.56(a)-(c).

## THIRD CAUSE OF ACTION

## VIOLATION OF CALIFORNIA DISABLED PERSONS ACT

40.     Plaintiff incorporates by reference each of the allegations in all prior

paragraphs in this complaint.

41.     California Civil Code § 54.1(a) states, "Individuals with disabilities shall be

entitled to full and equal access, as other members of the general public, to

accommodations, advantages, facilities, medical facilities, including hospitals, clinics,

and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles,

railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes

of transportation (whether private, public, franchised, licensed, contracted, or otherwise

provided), telephone facilities, adoption agencies, private schools, hotels, loading places,

places of public accommodations, amusement, or resort, and other places in which the

general public is invited, subject only to the conditions and limitations established by

law, or state or federal regulation, and applicable alike to all persons.

42.     California Civil Code § 54.3(a) states, "Any person or persons, firm or

corporation who denies or interferes with admittance to or enjoyment of public facilities

as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an

individual with a disability under Sections 54, 54.1 and 54.2 is liable for each offense for

the actual damages, and any amount as may be determined by a jury, or a court sitting

without a jury, up to a maximum of three times the amount of actual damages but in no

case less than one thousand dollars ($1,000) and any attorney's fees that may be

determined by the court in addition thereto, suffered by any person denied the rights

provided in Section 54, 54.1, and 54.2.

43.     California Civil Code § 54(d) specifies, "a violation of the right of an

individual under Americans with Disabilities Act of 1990 (Public Law 101-336) also

1  constitute a violation of this section, and nothing in this section shall be construed to limit

2  the access of any person in violation of that act.

3        44.    The actions and omissions of Defendants alleged herein constitute a denial

4  of full and equal accommodation, advantages, and facilities by physically disabled

5  persons within the meaning of California Civil Code § 54.  Defendants have

6  discriminated against Plaintiff in violation of California Civil Code § 54.

7        45.    The violations of the California Disabled Persons Act caused Plaintiff to

8  experience difficulty, discomfort, and embarrassment.  The Defendants are also liable for

9  statutory damages as specified in California Civil Code §55.56(a)-(c).

10                          **FOURTH CAUSE OF ACTION**

11              **CALIFORNIA HEALTH & SAFETY CODE § 19955, et seq.**

12        46.    Plaintiff incorporates by reference each of the allegations in all prior

13  paragraphs in this complaint.

14        47.    Plaintiff and other similar physically disabled persons who require the use of

15  a wheelchair are unable to use public facilities on a "full and equal" basis unless each

16  such facility is in compliance with the provisions of California Health & Safety Code §

17  19955 et seq.  Plaintiff is a member of the public whose rights are protected by the

18  provisions of California Health & Safety Code § 19955 et seq.

19        48.    The purpose of California Health & Safety Code § 1995 et seq. is to ensure

20  that public accommodations or facilities constructed in this state with private funds

21  adhere to the provisions of Chapter 7 (commencing with Section 4450) of Division 5 of

22  Title 1 of the Government Code.  The code relating to such public accommodations also

23  requires that "when sanitary facilities are made available for the public, clients, or

24  employees in these stations, centers, or buildings, they shall be made available for

25  persons with disabilities.

26        49.    Title II of the ADA holds as a "general rule" that no individual shall be

27  discriminated against on the basis of disability in the full and equal enjoyment of goods

28  (or use), services, facilities, privileges, and accommodations offered by any person who

owns, operates, or leases a place of public accommodation.  42 U.S.C. § 12182(a).

Further, each and every violation of the ADA also constitutes a separate and distinct

violation of California Civil Code §§ 54(c) and 54.1(d), thus independently justifying an

award of damages and injunctive relief pursuant to California law, including but not

limited to Civil Code § 54.3 and Business and Professions Code § 17200, et seq.

## FIFTH CAUSE OF ACTION

## NEGLIGENCE

50.     Plaintiff incorporates by reference each of the allegations in all prior

paragraphs in this complaint.

51.     Defendants have a general duty and a duty under the ADA, Unruh Civil

Rights Act and California Disabled Persons Act to provide safe and accessible facilities

to the Plaintiff.

52.     Defendants breached their duty of care by violating the provisions of ADA,

Unruh Civil Rights Act and California Disabled Persons Act.

53.     As a direct and proximate result of Defendants' negligent conduct, Plaintiff

has suffered damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for relief and judgment against

Defendants as follows:

1.      For preliminary and permanent injunction directing Defendants to comply

with the Americans with Disability Act and the Unruh Civil Rights Act;

2.      Award of all appropriate damages, including but not limited to statutory

damages, general damages and treble damages in amounts, according to proof;

3.      Award of all reasonable restitution for Defendants' unfair competition

practices;

4.      Reasonable attorney's fees, litigation expenses, and costs of suit in this

action;

5.      Prejudgment interest pursuant to California Civil Code § 3291; and

6.      Such other and further relief as the Court deems just and proper.

## **<u>DEMAND FOR TRIAL BY JURY</u>**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable.


Dated:  October 23, 2024                    SO. CAL. EQUAL ACCESS GROUP



                                            By:    _/s/ Jason J. Kim_____
                                                   Jason J. Kim, Esq.
                                                   Attorneys for Plaintiff